DISTRICT OF OREGON
**F I L E D**
**July 09, 2012**
**Clerk, U.S. Bankruptcy Court**

**THIS MEMORANDUM OPINION IS NOT INTENDED FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| IN RE<br><br>JEFFREY BENNETT,<br><br>Debtor. | )<br>)<br>)<br>)<br>) | Bankruptcy Case<br>No. 09-65528-fra7<br><br>MEMORANDUM OPINION |

The Debtor, Jeffrey Bennett, has filed a motion seeking a finding that Stark Street Group, LLC, ("Creditor") should be found to be in contempt for violation of the discharge injunction imposed by 11 U.S.C. § 524 (see Docket #94 and #96).

An order to show cause why the contempt finding should not be entered was issued, and the matter heard on June 6, 2012. At the conclusion of the hearing, the matter was taken under advisement.

Having reviewed the testimony and evidence of the parties, the Court concludes that the Debtor has not sustained his burden of proof, and that the order to show cause should be dismissed.

I. FACTS

Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on October 13, 2009. On November 4, 2009, Debtor filed a Schedule F on the required form listing creditors holds unsecured nonpriority claims (Docket #14). Included in the claims was a claim of Stark Street Group, LLC, in the amount of $200,000. The schedule characterized the claim as trade debt, and indicated that the claim was contingent and disputed. An order converting the case from Chapter 13 to Chapter 7 was entered on

// // //

February 24, 2010 (Docket #58). An order discharging the Debtor pursuant to Code §§ 524 and 727 was entered on August 6, 2010 (Docket #82).

Creditor asserted that its claim against the Debtor was excepted from discharge under 11 U.S.C. § 523(a). The deadline for commencing an adversary proceeding to oppose dischargeability was, after the confirmation, originally set for June 18, 2010. The Creditor sought an extension of the deadline, and an order was entered on June 17, 2010, extending the deadline for 30 days (Docket #77). No adversary proceeding with respect to discharge was commenced.

The Creditor's original action in the United States District Court was brought against the Debtor and James Bennett, the Debtor's father. Father and son had been in business together, and were, at the time of the son's petition for relief, embroiled in a trade controversy with the Creditor. After the son filed his petition for relief, the action against him was stayed, but continued with respect to James.

The ongoing District Court case was referred to District Judge Marco A. Hernandez for mediation. Notwithstanding the discharge order in his bankruptcy, the Debtor voluntarily appeared at, and participated in, the mediation. The mediation was successful (or appeared to the parties at the time to be) and Judge Hernandez convened a session of court to put the settlement on the record. The settlement required James Bennett to pay the Creditor the sum of $50,000, with $7,500 down and the balance paid over 48 months. It was further agreed that consent judgments in the amount of $100,000 could be entered against both James and Debtor Jeffrey Bennett in the event that the $50,000 sum was not paid according to the terms of the agreement. At the hearing the following colloquy took place between the Court and the Bennetts:

> THE COURT: And one of the things that I always like to be sure of is that parties, particularly when they're not represented, are making knowing and voluntary and intelligent decisions; in other words, not as though I have or anyone else has forced you into this agreement against your will, that this is a decision that you're making knowingly, voluntarily, and intelligently. Is this, in fact, a knowing, voluntary and intelligent decision on your part?
>
> MR. JAMES BENNETT: That's correct.
>
> THE COURT: Then I need to talk to your son, Jeffrey Bennett, for a minute and go over the same questions. Jeffrey Bennett, you're not even a party to this case, but you have been brought into it because you are part of the settlement agreement. Did you understand everything I have described when I was talking about the terms of the settlement agreement?

MR. JEFFREY BENNETT: Yes, I have.

THE COURT: And is there anything from your perspective that I've neglected to say or that I need to address?

MR. JEFFREY BENNETT: No.

THE COURT: And did anyone threaten you in any way or coerce you against your will in order to force you to sign up for this settlement agreement that you're going to voluntarily sign in the next couple of weeks?

MR. JEFFREY BENNETT: No, Your Honor.

THE COURT: Is your decision to participate in this case and become part of this settlement agreement a knowing, voluntary and intelligent decision?

MR. JEFFREY BENNETT: Yes, Your Honor.

The Court directed counsel for the Creditor to prepare a written settlement agreement. The agrement was prepared, but never executed by Debtor. Debtor began making payments on his father's behalf for some months, and then discontinued the payments. When the Creditor undertook to enforce its rights under the agreement, this dispute ensued.

## II. DISCUSSION

Debtor, as the moving party, must prove by clear and convincing evidence that the Creditor violated the discharge injunction. In re Bennett, 298 F.3d 1059, 1069 (9th Cir. 2002). Clear and convincing proof "has been defined as 'between a preponderance of the evidence and proof beyond a reasonable doubt.'" Singh v. Holder, 649 F.3d 1161, 1165, n.7 (9th Cir. 2011) (citation omitted). It requires that the evidence presented by the party bearing the burden must be highly and substantially more probable to be true than not.

Debtor argues that he felt compelled to enter into the settlement agreement, because, absent some sort of settlement, the Creditor would "continue to come after me." He asserts that the settlement agreement constitutes an unlawful reaffirmation of the Creditor's original claim, entered into contrary to the provisions of Code § 521.

Creditor asserts that, if James Bennett were to have the benefit of an advantageous settlement, Debtor Jeffrey Bennett's participation was essential. The settlement was, accordingly, a new agreement supported

// // //

by new consideration, namely providing the ability of James Bennett to receive a substantial discount of the claim against him.

The second interpretation is more plausible than the first. Having received a discharge in his Chapter 7 case, Debtor's argument that the Creditor would keep coming after him is not convincing. To be sure, Debtor may have felt some obligation to his father with respect to the dispute, and for that reason elected to participate in the settlement conference. However, his decision to act as a guarantor of his father's settlement constitutes acceptance of a new obligation, and not reaffirmation of the old one. It follows that the obligation the Creditor now seeks to enforce was not discharged in the Debtor's bankruptcy proceeding. The Court cannot, therefore, find the Creditor to be in contempt for pursuing its post-discharge agreement.

Counsel for the Creditor should lodge with the Court a form of order incorporating these findings and dismissing the order to show cause.

The foregoing constitutes the Court's findings of fact and conclusions of law.

FRANK R. ALLEY, III
Chief Bankruptcy Judge